UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 FEB 12  AM 11: 32

CLERK

BY _____
DEPUTY CLERK

BARBARA ANN MILLER,                )
                                   )
          Plaintiff,               )
                                   )
     v.                            )        Case No. 2:20-cv-178
                                   )
VERMONT ASSOCIATES FOR TRAINING    )
AND DEVELOPMENT, MARY BRENNEN,     )
DAIL,                              )
                                   )
          Defendants.              )

**ORDER DISMISSING AMENDED COMPLAINT**
(Doc. 4)

On January 8, 2021, self-represented Plaintiff Barbara Ann Miller timely filed an

Amended Complaint in which she alleges discrimination on the basis of race in

connection with a training program offered by Defendants Vermont Associates for

Training and Development ("Vermont Associates"), Mary Brennen, and DAIL, which the

court has construed as the Vermont Department of Aging, Disabilities, and Independent

Living. For the reasons set forth below, Plaintiff's Amended Complaint (Doc. 4) is

dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and Fed. R.

Civ. P. 12(b)(6).

**I.     Allegations of the Amended Complaint.**

Plaintiff alleges that out of a group of six attendees, she was the only person of

color and the only person who was not allowed to continue with the Vermont Associates

training program. Defendant Brennen of Vermont Associates "personally called" Plaintiff

and informed her that "she and Wayne d[e]cided for [Plaintiff] not to be back in the

program[.]" (Doc. 4 at 1.) Plaintiff further alleges "there are rules for Vermont

Associate[s] to follow for not letting a person in the program and to take a person out of

the program [and Plaintiff] did not get anything in writing telling [her] why [she] could

not come back in the program." *Id.* Plaintiff asserts: "If I am the only Black person among [five] whites, the leaders are white and they choose all [five] white people and leave me out what else is this but discrimination, they were not blind that they [] did not know or see the color of my skin." *Id.*

Plaintiff attaches to her Amended Complaint: (1) an August 28, 2015 letter from an Associates for Training and Development Follow Up Specialist stating that Plaintiff "recently exited the Senior Community Service Employment Program" (Doc. 4-1 at 4); (2) a completed Vermont Division of Vocational Rehabilitation Authorization to Obtain or Release Information form she signed in September 2016, *id.* at 1; (3) a May 27, 2017 letter from Plaintiff seeking "all records and the policy guideline for Vermont Associates" and referencing her "recert of July 13, 2015[,]" *id.* at 2; and (4) excerpted pages from a December 2013 Participant Orientation Handbook, *id.* at 3, 6-10.

Plaintiff alleges "DAIL never was involved until I started complaining about how I was treated then they started calling everybody in to cover the wrong [Defendant] Mary [Brennen] did, Vermont Associates and D[AIL] did not do right by me." (Doc. 4 at 3.) Plaintiff seeks damages for pain, suffering, and anxiety attacks.

## II.    Conclusions of Law and Analysis.

### A.    Standard of Review.

Under 28 U.S.C. § 1915, "the court shall dismiss [a] case [filed *in forma pauperis*] at any time if the court determines that . . . the action . . . is frivolous or malicious; [] fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court is required to read a self-represented plaintiff's complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *see also Harris v. Miller*, 818 F.3d 49, 56-57 (2d Cir. 2016) (per curiam) (noting district courts must afford "special solicitude" to a self-represented litigant including reading the complaint liberally and construing it to raise the strongest arguments it suggests).

2

All complaints, however, must contain "sufficient factual matter[] . . . to state a claim" for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While "special solicitude" is required, self-represented litigants nevertheless must satisfy the plausibility standard set forth in *Iqbal*. *See Harris*, 818 F.3d at 56; *Harris v. Mills*, 572 F.3d 66, 68, 72 (2d Cir. 2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### B.    42 U.S.C. § 1983.

42 U.S.C. § 1983 is a federal statute that provides a statutory remedy for violations of the federal Constitution and other federal laws. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (stating the statute is "not itself a source of substantive rights" but rather provides "a method for vindicating federal rights elsewhere conferred") (internal quotation marks omitted). The Amended Complaint seeks to allege an equal protection claim under the Fourteenth Amendment to the United States Constitution. Plaintiff alleges Defendant Brennen and Vermont Associates discriminated against her on the basis of race and treated her differently from white training program attendees and that DAIL "did not do right by" her. (Doc. 4 at 3.)

Under § 1983, a claimant may bring suit against a "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. In order to assert a claim under § 1983, a plaintiff "must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under

color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To prove a violation of the Equal Protection Clause, . . . a plaintiff must demonstrate that [s]he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). Therefore, Plaintiff must allege she was treated differently than a similarly situated individual as a result of intentional or purposeful discrimination based on an impermissible consideration such as race.

As the court explained in its December 14, 2020 Order dismissing Plaintiff's original Complaint for failure to state a claim, both the Fourteenth Amendment itself and § 1983 include a state-action requirement. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]"). Thus, "liability attaches only to those wrongdoers who carry a badge of authority of a State and represent it in some capacity[.]" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

Plaintiff does not allege that either Defendant Brennen or Vermont Associates were state actors or that their actions can be treated as the action of the State of Vermont itself. *See Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 314-15 (2d Cir. 2007) (noting "the Supreme Court has narrowed the scope of its state-action jurisprudence" so that "the Court has found on more than one occasion that an entity was not engaged in state action even though it was extensively regulated, obtained governmental approval, received substantial governmental assistance, and performed an important societal function.") (internal quotation marks omitted). As a result, her equal protection claim against Defendants Brennen and Vermont Associates fails for lack of state action.

With regard to DAIL, a state agency, Plaintiff fails to allege intentional or purposeful discrimination attributable to DAIL. Plaintiff alleges that DAIL was not

4

involved until after Defendant Brennen informed Plaintiff that she was not allowed to continue with the Vermont Associates program and that Defendant DAIL "did not do right by me." (Doc. 4 at 3.) Plaintiff's Amended Complaint must "permit a court to 'infer more than the mere possibility of [discriminatory] misconduct[.]'" *Kajoshaj v. N.Y.C. Dep't of Educ.*, 543 F. App'x 11, 15 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). Because Plaintiff's Amended Complaint does not allege facts supporting a plausible inference of intentional discrimination by DAIL, she has failed to state an equal protection claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Statute of Limitations.

Although the statute of limitations is ordinarily an affirmative defense that must be raised in an answer, the issue may be decided at the motion to dismiss stage if it appears on the face of the complaint. *See Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). Even if Plaintiff can state a claim for relief under § 1983, dismissal may be warranted because her action appears to have been filed after the statute of limitations expired.

Section 1983 actions that are filed in Vermont are subject to Vermont's three-year statute of limitations for personal injury actions. *See* 12 V.S.A. § 512(4); *Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but . . . the statute of limitations . . . is that which the State provides for personal-injury torts."). The accrual date of a § 1983 cause of action, however, is a "question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388; *see also Spak v. Phillips*, 857 F.3d 458, 462–63 (2d Cir. 2017). Under federal law, accrual occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief[.]" *Wallace*, 549 U.S. at 388 (citations and internal quotation marks omitted).

In this case, although the Amended Complaint does not state when Plaintiff was allegedly discriminatorily excluded from the Vermont Associates training program, the exhibits she attaches to her Amended Complaint indicate that the discriminatory conduct

5

she complains of took place beginning in September 2015 when she exited the Vermont Associates Program. The court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Plaintiff filed this action on November 4, 2020, more than five years after her initial exit from the training program. Accordingly, even if Plaintiff had stated a § 1983 claim, it may be barred by the statute of limitation, although it is not certain.

### D.    Eleventh Amendment Immunity.

Finally, in her Amended Complaint, Plaintiff seeks damages for pain, suffering, and anxiety attacks. Plaintiff's claim for monetary damages, to the extent she seeks to recover from DAIL, a state agency, is barred by the Eleventh Amendment to the United States Constitution. *See* Doc. 2 at 7-8 (explaining Plaintiff cannot assert claims for damages against a state agency or official in his or her official capacity in federal court ); *see also McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (noting a court may raise sua sponte state sovereign immunity as a bar to federal subject matter jurisdiction).

### CONCLUSION

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(a)(1), Plaintiff's Amended Complaint (Doc. 4) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). The court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this _12th_ day of February, 2021.

Christina Reiss, District Judge
United States District Court